IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-674-BO

| AMY MCNISH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| OPAL HOTELS RDU AIRPORT LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Court's April 12, 2021 notice to plaintiff of failure to make service within ninety days and plaintiff's response to that notice. For the reasons stated below, the Court finds that dismissal of this case without prejudice is appropriate.

## BACKGROUND

Pro se plaintiff, Amy McNish, filed a complaint in Wake County Superior Court on November 9, 2020. Defendants removed the case to this Court on December 14, 2020. Defendants stated in their notice of removal that they had not been served with process pursuant to the North Carolina or Federal Rules of Civil Procedure. After plaintiff had still failed to serve process, the Court issued a notice to plaintiff of failure to make service within ninety days on April 12, 2021. Plaintiff's response to this notice was filed on April 28, 2021.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff had ninety days from the date of removal to obtain effective service on each defendant. Rule 4(m) states, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss

the action without prejudice against that defendant or order that service be made within a specified time." Defendants removed the case from state court to federal court on December 14, 2020. DE 1. On April 12, 2021, the Court gave plaintiff notice of her failure to meet the service deadline and provided her with an opportunity to show good cause why the case should not be dismissed without prejudice.

Service of process constitutes "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party to be served." *United States v. Perez*, 752 F.3d 398, 405 (4th Cir. 2014). Service may be made by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). The Federal Rules of Civil Procedure provide that service on an individual must be effected either in the manner provided by state law or by serving the individual personally, serving someone of suitable age and discretion who resides at the individual's dwelling or usual place of abode, or serving an agent authorized to receive service. Fed. R. Civ. P. 4(e). Under North Carolina law, service on a foreign or domestic corporation may be effected by serving an officer, manager, or director, or leaving copies in the office of the officer, director, or managing agent with the person apparently in charge of the office, or by serving an agent authorized by appointment or by law to accept service of process. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a)–(b). Under North Carolina law, serving process by mail can be accomplished by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee" or by "mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering it to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). The Federal Rules of Civil Procedure provide that service on a corporation, partnership, or association must be

effected either through one of the methods provided above or by serving an officer, managing, or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1). Under North Carolina law, service on a foreign or domestic corporation may be effected by serving an officer, manager, or director; leaving copies in the office of the officer, director, or managing agent with the person apparently in charge of the office; or by serving an agent authorized by appointment or by law to accept service of process. N.C. Gen. Stat. § 1A-1, 4(j)(6)(a)-(b).

Plaintiff's attempts at service are deficient. Plaintiff stated in her April 28, 2021 response to the Court that she has mailed a copy of the summons and the complaint to the defendants three times. She includes a return receipt for one of those attempts, which shows that she attempted to serve process on defendants' attorney. DE 12-10. Defendants' attorney has informed defendant multiple times that she is not authorized to receive service on behalf of defendants. DE 1-6. Defendant appears to have attempted to serve process on defendant Opal Hotels Group by leaving the summons with the front desk agent at the Country Inn in Raleigh, North Carolina on November 10, 2020. Not only has plaintiff failed to show that the front desk agent was authorized to accept service of process, but plaintiff's service is nevertheless deficient because she attempted to make service herself. Thus, plaintiff has repeatedly failed to meet the proper service requirements.

The Court's April 12, 2021 order directing plaintiff to show good cause why the case should not be dismissed without prejudice is clear. Plaintiff made no additional attempt to properly serve defendants. The Court is mindful that plaintiff is pro se, but "[p]ro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Given that plaintiff has made multiple attempts to make service and has repeatedly failed,

the Court in its discretion finds that dismissal of this action against defendants without prejudice is appropriate.

## **CONCLUSION**

For the foregoing reasons, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment accordingly and to close the case.

SO ORDERED, this the 29 day of April, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE